*The probate of the paper propounded as* ABRAHAM R. LAWRENCE's *Will.*

PROBATE of will denied for want of proof of observance of the statutory formalities of execution.

Marriage established by evidence of reputation and cohabitation.

Reversal of Surrogate's decree, by the Supreme Court, without a trial of the issues before a jury.

> JOHN S. LAWRENCE, W. FULLERTON, *and* GILBERT DEAN, *for Proponents.*
>
> B. J. BLANKMAN, *for Contestants.*

THE SURROGATE. Abram R. Lawrence died in April, 1863, and the paper propounded as his will in this proceeding is dated December 16th, 1839. His estate is estimated at $500,000; the paper propounded divides the bulk of his estate into seven parts, and bequeaths and devises one-seventh each, to his brothers Jonathan, Richard M., John L. and William T. Lawrence; his sister, Margaret Lawrence; his sister-in-law Mary, widow of his brother Joseph Lawrence; and the children of his brother Samuel Lawrence. All these brothers and sisters have died since the date of this paper, and the only person nominated in it as an executor, who survives, is Andrew Lawrence, a nephew, who offers it for probate.

The will has the usual testatum clause, and is signed by three witnesses, J. D. Outcalt, J. Van Benschoten, and William H. Duell; two of these are since dead, and evidence has been taken to prove their handwriting. The only surviving witness is Mr. Van Benschoten, who testifies thus as to his signature:

"I should think I should call it mine; it is my handwriting; I have no recollection whatever, of signing this will, or having it brought there, or of anything in relation to it."

The probate of the will is contested by two minors,

claiming to be the grandchildren of the decedent; their relationship is denied by the proponents. Testimony has been taken as to the reputation of marriage and cohabitation of the decedent and the grandmother of these children.

I find, as conclusions of fact:

1st. That the paper propounded as a will is not proven to have been executed by the decedent, in the manner, and with the formalities required by the statute; that there is no evidence that the signature of the decedent was made in the presence of any of the attesting witnesses, or acknowledged to any of them; no evidence of the publication of this paper as his will; and no evidence of the rogation of the witnesses, by the decedent.

2dly. That the evidence must be held to sustain the existence of the marriage relation between the decedent and the grandmother of the infant contestants; and that they are the heirs-at-law and next of kin of the deceased.

Probate is therefore denied, and intestacy decreed; letters of administration will issue to the guardian of the infants.

[Appeal was taken from the Surrogate's decree, and it was reversed by the Supreme Court, without a trial by jury, and an order entered directing the Surrogate to admit the will to probate.]